**Frank G. FRANCIA, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9074.**

United States Court of Appeals
Tenth Circuit.

Jan. 19, 1967.

---

[1]. 341 F.2d 555 (7 Cir. 1965), cert. denied 381 U.S. 941, 85 S.Ct. 1775, 15 L.Ed.2d 704.

**828**

Lyle E. Teutsch, Jr., Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

In 1952, appellant Francia was committed to the state penitentiary at Santa Fe, New Mexico, to serve a sentence of not less than 90 years or more than 99 years for the crime of second degree murder. Sentence was pronounced orally by the then presiding Judge of the District Court of Torrance County, New Mexico, but the records of that court do not contain a judgment and sentence signed by him. In a habeas corpus proceeding brought by Francia in the Supreme Court of the State of New Mexico, the court received in evidence an unsigned minute entry from the records of the Torrance County District Court and the oral testimony of the then presiding judge. The Judge testified that Francia was charged with murder in the first degree, to which he entered a plea of not guilty. Subsequently he appeared with employed counsel and withdrew his plea of not guilty and entered a plea of guilty to second degree murder which was accepted by the court. Thereupon the Judge sentenced Francia to a term of not less than 90 years or more than 99 years. The Judge further stated that he believed that he had signed the judgment and sentence as was his custom. Following the hearing the Supreme Court entered an order directing the present presiding judge of the Torrance County District Court to enter a judgment and sentence nunc pro tunc, to conform with the minute entry, "which has all the form of an official order" except the Judge's signature.

In this proceeding Francia does not deny that he appeared in the District Court of Torrance County, New Mexico and entered a plea of guilty to a second degree murder charge, or that he was thereafter sentenced to imprisonment for a term of 90 to 99 years. He contends that the nunc pro tunc order was void and that he is now confined without the existence of a valid sentence. After the hearing the trial court dismissed the petition.

The Supreme Court of New Mexico has determined in this case that it was proper for a nunc pro tunc order to be entered, and the federal court must accept this interpretation unless it is inconsistent with the fundamental principles of liberty and justice. Silva v. Cox, 10 Cir., 351 F.2d 61, cert. denied 383 U.S. 919, 86 S.Ct. 915, 15 L.Ed.2d 673. The New Mexico courts may correct their own records, and we find no interpretation of New Mexico law by the Supreme Court of New Mexico which is inconsistent with the fundamental principles of liberty and justice. There is no showing that there is a fundamental constitutional right involved which would entitle Francia to relief in the federal court. Cf. Linton v. Cox, 10 Cir., 358 F.2d 859, and cases therein cited.

Affirmed.