**Billy Joe COCHRAN, Appellant,**

v.

**Felix RODRIGUEZ, Warden, Appellee.**

**No. 139–70.**

United States Court of Appeals,
Tenth Circuit.

Feb. 26, 1971.

Rehearing Denied March 22, 1971.

———◆———

Robert G. Busch, Lakewood, Colo., for appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen., Albuquerque, N. M. (James A. Maloney, Atty. Gen. of N. M., with him on the brief), for appellee.

Before HILL, SETH, and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a denial without hearing of a State prisoner habeas corpus petition filed in the United States District Court for the District of New Mexico.

On November 13, 1967, the Quay County District Court tried and sentenced Cochran for a period of from two years to ten years in the State penitentiary. Thereupon Cochran appealed his conviction, and it was affirmed by the Supreme Court of the State of New Mexico.

Appellant thereafter filed a petition for habeas corpus with the United States District Court for the District of New Mexico. This petition was denied without a hearing on the ground that Cochran had failed to exhaust his State remedies. Cochran then sought postconviction relief in the State court, filing a motion to vacate judgment and sentence with the Quay County District Court. This motion was denied in December 1969.

Cochran then filed a second petition for a writ of habeas corpus with the United States District Court for the District of New Mexico. This petition was denied on the ground that it had been filed within the time allowed Cochran to appeal the adverse judgment of the Quay County District Court. This opinion pointed out that a State appeal was available to Cochran under the provisions of N.M.S.A. 21–1–1(93) (e) (1953) (Repl.1970). Subsequently, Cochran wrote the United States District Court, pointing out that the Supreme Court of New Mexico had passed on all the points alleged in his habeas corpus petition when it heard his appeal from the original conviction and that this fact had caused the summary dismissal of his post-conviction motion by the Quay County Court.

The instant habeas corpus petition was filed on January 22, 1970, after the

time for appeal of the order of the Quay County Court had elapsed. This petition was denied on the ground that Cochran had failed to exhaust State remedies.

This case is very similar to our recent case of Wood v. Crouse, 389 F.2d 747 (10th Cir. 1968). In that case we said:

" * * * When an applicant for federal habeas relief relies on a federal constitutional right which he has asserted unsuccessfully in a direct appeal from a state conviction, the exhaustion principle does not require that he take what in practical effect is a second appeal by reasserting the right in state post-conviction proceedings and appealing that decision to the state supreme court."

Of course, had there been no resort to State post-conviction remedies at all, the controlling cases would be Brown v. Crouse, 395 F.2d 755 (10th Cir. 1968), and Omo v. Crouse, 395 F.2d 757 (10th Cir. 1968). In such cases the State courts should be given the opportunity to hold a hearing and make a record. If, as here, the sentencing court declines to do so, and the questions presented are exactly the same as those presented in the original appeal, as this record indicates, then the considerations giving rise to the exhaustion requirement are satisfied.

A comparison of the instant petition with the original appeal at State v. Cochran, 79 N.M. 640, 447 P.2d 520 (1968) reveals that petitioner is reasserting every point raised on that appeal and has alleged no new errors whatsoever. Under such circumstances an appeal from the denial of the post-conviction motion would have been pointless and was not necessary in order to meet the exhaustion requirement. Accordingly, we hold that it was error to dismiss this petition for failure to exhaust State remedies and the cause is remanded to the District Court for further proceedings consistent with this opinion.