**Larry Warren JACKSON and Santa A. Liberatore, Petitioners, Appellants,**

v.

**John W. TURNER, Warden Utah State Prison, Respondent, Appellee.**

No. 476–70.

United States Court of Appeals, Tenth Circuit.

May 27, 1971.

James Gilbert, Arvada, Colo., for petitioners-appellants.

Lauren N. Beasley, Salt Lake City, for respondent-appellee.

Before HILL, SETH, and COFFIN * Circuit Judges.

COFFIN, Circuit Judge.

From the outset, this case has been characterized by confusion among counsel and the various courts, which have heard this litigation, over whether the initial proceeding is to be treated as an appeal or a motion for a writ of habeas corpus. Petitioners are presently serving sentences for robbery in the Utah State Prison. They were sentenced, after trial, on September 15, 1969. At trial, appointed counsel, Luke G. Pappas, represented them. On October 2, 1969, before the period for the perfection of ap-

* Of the First Circuit, sitting by designation.

peals expired, they wrote the trial judge seeking state habeas corpus relief and requesting that the state furnish them with a trial transcript and with counsel. The trial judge responded, on October 9, that Pappas was still counsel for petitioners and that he had written Pappas to obtain his opinion on the merits of the writ and on whether a transcript should be furnished. Upon receipt of this letter, petitioners also wrote Pappas on October 14. They said that they had been unaware that he would continue as their counsel, and they suggested three grounds for relief. One day after this letter was sent, the date for perfecting an appeal passed.

Pappas made no reply, and on October 28, one of petitioners again wrote to ask Pappas whether he was still handling the case. When no response came, petitioners wrote the trial judge again, on November 19, asking that Pappas be dismissed. Before the trial judge could react to this request, he received a letter from Pappas acknowledging the receipt of petitioners' letters and arguing that their grounds for relief were without merit. Pappas commented on only two of the three grounds suggested by petitioners, and one of his arguments was conclusory. On November 21, the trial judge relieved Pappas, declined to appoint other counsel, and denied the request for a transcript.

Petitioners unsuccessfully appealed this ruling and the eventual denial of the writ to the Utah Supreme Court. They then brought this habeas corpus action in the federal district court for Utah, where counsel was appointed. Petitioners argued that Pappas' behavior and the failure of the Utah trial court to appoint other counsel and furnish a transcript denied them their right to appeal. A hearing was held in district court at which Pappas was the only witness. The transcript of the state trial was not introduced into the record. The district court denied the writ, and petitioners have appealed.

■ The present appeal arises from the presence of two issues before both the Utah Supreme Court and the district court, one of which was overshadowed by the other. The first was the propriety of the state trial court's action in denying defendants' request that they be furnished a transcript and appointed counsel to litigate the three grounds alleged, as a basis for a writ of habeas corpus, in petitioners' letter of October 2. As to these grounds, petitioners' reliance on Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), is misplaced, for their teachings as to transcripts and preconditions of counsel withdrawal concern appeals of state convictions, not habeas corpus proceedings. *Cf.* Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970). Moreover, the rule in this circuit with respect to federal habeas corpus proceedings is that petitioners who seek a transcript or who seek appointed counsel must do more than allege conclusory allegations. Ward v. Page, 424 F.2d 491, 493 (10th Cir. 1970), cert. denied, 402 U.S. 904, 91 S.Ct. 1392, 28 L.Ed.2d 663 (1971); Martinez v. United States, 344 F.2d 325 (10th Cir. 1963); Frison v. United States, 322 F.2d 476 (10th Cir. 1963); Prince v. United States, 312 F.2d 252 (10th Cir. 1962). The district court apparently found that petitioners had alleged only conclusory allegations in their petition for state habeas corpus. We therefore see no error in the district court's holding that the state court's decision not to furnish other counsel or a transcript was justified on the basis of the pleadings.

■ But there was a second issue explicitly presented in the appeal to the Utah Supreme Court and by necessary implication to the trial court—the denial of the right of appeal because of ineffective assistance of counsel. No appeal was in fact taken from the conviction. The record, however, reveals no evidence that Pappas advised petitioners of their right to appeal and strongly suggests that petitioners would have exercised that right had they known how. Petitioners'

October 14 letter to Pappas indicated that they were unaware that he was still serving as their counsel. At the hearing below, Pappas testified that he did not communicate with his clients after they were sentenced. These facts suggest that petitioners' failure to appeal was a result of Pappas' failure to advise them of their rights or to ascertain whether they wanted to appeal. That petitioners would have appealed if they had been fully advised is evident from their attempt to obtain collateral relief from October 2 through the remainder of the period during which appeal could be noticed. Although petitioners from the outset characterized the relief sought as habeas corpus, we cannot construe this as a deliberate election to forego appeal. On this bare record, petitioners' early and persistent efforts to achieve postconviction relief should have been treated as an appeal. At a minimum, they should have been advised that their remedy lay in appeal.

 This court has confronted in the past cases in which convicted persons were not advised of their rights to appeal. In Wynn v. Page, 369 F.2d 930 (10th Cir. 1966), we said:

"The time for filing an appeal does not commence to run until the defendant has been advised of his right to appeal and the effective assistance of counsel has been afforded, and * * * a convicted, confined person may collaterally attack his judgment of sentence if he has not been afforded the assistance of counsel concerning his right of appeal and the exercise thereof." [1]

We cannot say on the basis of this record that petitioners were advised of their right to appeal. Further evidence, including an examination of the trial transcript, is necessary before that question can be answered. If the district court on remand should find that petitioners were advised of their right to appeal, it must then determine whether they received effective assistance of counsel. Relevant to that determination would be whether petitioners were adequately advised that Pappas would continue to represent them after trial, whether Pappas made any inquiries as to whether petitioners wished to appeal, and whether petitioners made any indication to Pappas that they did or did not want to appeal.

Although the district court treated it as such, it is not a sufficient solution to the problem of effective assistance of counsel that Pappas wrote his no merit letter to the trial judge in connection with the state habeas corpus petition. Pappas' letter does not comply with *Anders, supra,* which governs appointed counsel's representation on appeal. The Court in *Anders* said that before counsel could withdraw from a case where an appeal would be frivolous, he must so advise the court and provide the court with

"a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 U.S. at 744, 87 S.Ct. at 1400.

Even if Pappas' letter can be considered a brief, it did not refer to everything in the record which might support an appeal. Pappas apparently had no record to search for error since none had apparently been furnished him, and he ignored one of the three grounds the petitioners suggested and dealt with another in a cursory way. Although it is not clear, it seems that petitioners were not furnished a copy of Pappas' letter. Certainly, they had no opportunity to raise points in reply to it since the trial court approved Pappas' withdrawal from the case and refused to appoint other coun-

[1]. 369 F.2d at 932. *See also* Hines v. Baker, 422 F.2d 1002 (10th Cir. 1970); Chase v. Page, 343 F.2d 167 (10th Cir. 1965); Hannigan v. United States, 341 F.2d 587 (10th Cir. 1965).

sel one day after Pappas' letter was sent.

Even if Pappas' letter did comply with the rule of *Anders*, petitioners would still have been denied effective assistance of counsel unless the district court should find that they knowingly waived their right to appeal. Petitioners are entitled to an appeal even if their counsel concludes such would be frivolous. Pappas therefore had the duty to perfect petitioners' right to appeal so that they could proceed pro se if he withdrew from the case. We cannot expect that laymen who are not assisted by counsel will know how to perfect an appeal. *Cf.* Chase v. Page, 343 F.2d 167 (10th Cir. 1967).

In sum we hold that counsel appointed to represent indigent persons on appeal must advise them of their right to appeal, inquire whether they choose to appeal, and perfect an appeal, if that is the clients' wish, even if counsel believes an appeal to be frivolous. He does not, of course, have to argue a frivolous appeal.

At oral argument, respondent argued that petitioners were not prejudiced by the denial of appeal because they could raise the same issues in a federal habeas corpus proceeding. However, petitioners have lost procedural opportunities to obtain a reversal of their conviction. Furthermore, indigent prisoners have more rights on appeal than in federal habeas corpus. As we have discussed, counsel is appointed on appeal and remains unless he can convince the court that an appeal would be frivolous, but on a habeas corpus petition. petitioner must allege facts that convince the court there is sufficient merit to his claim to warrant the appointment of counsel.

For these reasons, we conclude that the case must be remanded for further proceedings to determine if petitioners were advised of their right to counsel on appeal and if they waived that right.

Remanded for further proceedings consistent with this opinion.