**UNITED STATES of America ex rel. James BROADNAX**

v.

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 69–570.**

United States District Court, E. D. Pennsylvania.

July 26, 1971.

James Broadnax, pro se.

Arlen Spector, Dist. Atty., Philadelphia, Pa., for respondent.

OPINION AND ORDER

MASTERSON, District Judge.

The relator, James Broadnax, has filed with this Court a petition for writ of habeas corpus. On May 10, 1957 relator pleaded guilty to Bill Nos. 230–235 involving several armed robberies, and was sentenced to serve a term of not less than seven and a half years nor more than twenty years. Although no other post trial motions or direct appeal were filed, relator's attorney moved for a reconsideration of sentence, and the term was reduced to not less than six nor more than twenty years. Relator was released on parole on December 23, 1968, but returned as a technical parole viola-

1. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970).

tor on January 20, 1969. He was paroled again on April 6, 1970.

■ Relator's first contention is that his parole was revoked illegally in that he did not have benefit of counsel at the revocation hearing, and also, that he was illegally arrested as a technical violator. Neither of these claims have been litigated in the state courts,[1] and as to these issues, we will dismiss the instant petition without prejudice for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b).

■ Relator's next contention is that his guilty plea was coerced and that he did not have the effective assistance of counsel when he entered the plea. Relator has raised these same claims in Post-Conviction Hearing Act proceeding in the state courts. We have closely examined the transcript of the state court proceeding and subsequent opinion by Judge Bradley, and in light of the full and fair hearing in the State Court, we feel it is unnecessary to conduct an evidentiary hearing in this Court. 28 U.S.C. § 2254(d). Relator and his trial counsel both testified as to the circumstances of the plea, relator contending that his plea was induced by a coerced confession, and that his attorney was ineffective in suggesting a plea in these circumstances. The United States Supreme Court has made it clear that "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession." McMann v. Richardson, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). The test to be applied is whether counsel's advice "was within the range of competence demanded of attorneys in criminal

cases." McMann, supra, at 771, 90 S.Ct. at 1449. As to this, we accept Judge Bradley's conclusion after hearing all the evidence:[2]

> "The attorney's advice to plead guilty under the circumstances known to him, namely, the statement which the police had from you, the existence of eyewitnesses who testified at the magistrate's hearing and identified you as the robber in three robberies * * * and also the statement of your co-defendant and the fact that you acknowledged what was in your statement was true, gave him certainly very strong cause to recommend that you plead guilty under the circumstances."

We find that Judge Bradley was correct in that relator was competently counseled and that his plea was intelligently and voluntarily entered.

■ Finally, relator contends that he was denied the assistance of counsel in his appeal from Judge Bradley's decision. In a second post-conviction petition, relator had been granted the right to appeal Judge Bradley's order nunc pro tunc, and on May 21, 1969, relator's petition for leave to file an appeal to the Pennsylvania Superior Court was granted. On August 5, 1969, however, relator's counsel filed with the Superior Court a "petition for allowance to withdraw as appellant's counsel", asserting that he, "after diligent research and study of the facts and law of the within case, is of the opinion that no issues exist herein which counsel can respectfully argue to the Court with a view toward legally recognizable grounds for relief." Counsel furnished the court and relator a brief raising all arguable contentions, satisfying the requirements of Anders v.

---

1. Relator raised the first of these claims in an "Application for Writ of Habeas Corpus Ad Subjuciendum" filed on February 10, 1969 which was pending at the time the instant petition was filed. On April 14, 1970, the state court petition was dismissed as moot by the Honorable Theodore L. Reimel since relator had been reparoled effective April 6, 1970.

2. Notes of Testimony, Post-Conviction Hearing, June 25, 1968, p. 33. (After the hearing, Judge Bradley gave his statement in open court, and later adopted the statement as the Court's Opinion to comply wih Rule 46 of the Pennsylvania Superior Court.)

California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In compliance with *Anders*, relator was then allowed time to raise additional points. Instead of pursuing this appeal in the state court, relator decided to file the instant petition, and the Superior Court non-prossed his appeal.[3] Since the requirements of *Anders* were fully complied with, relator's claims that he was unconstitutionally deprived of counsel is without merit.

In accordance with the above, the petition will be denied with prejudice, except insofar as it raises claims related to relator's arrest as a technical violator and parole revocation hearing which are dismissed without prejudice. There is no probable cause for appeal.

---

3. Relator had been granted a continuance to supplement the "Anders brief." When he failed to do so, the Superior Court should have considered the appeal on its merits rather than nonpros. In light of our disposition of the merits of relator's claims that his plea was coerced and that his counsel was ineffective, however, it would serve no purpose to send the relator back to the Superior Court to consider the same issues.