George McINNES, Petitioner,

v.

Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Respondent.

Civ. No. 73–172.

United States District Court, E. D. Oklahoma, Civil Division.

Oct. 24, 1973.

Charles V. Foor, Leon Belote, Mc-Alester, Okl., for petitioner.

Kay Karen Kennedy, Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

This is a habeas corpus proceeding in which the Petitioner, George McInnes, who is confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, challenges the validity of the judgment and sentence of the District Court of Pittsburg County, Oklahoma in Case No. CRF–70–81. After a trial by jury he was convicted of the crime of the sale of marijuana and sentenced on July 2, 1970 to five years imprisonment. In the pleadings prepared by his attorney it is claimed that the Petitioner's detention is unlawful because:

1) He was denied an appeal when the Oklahoma Court of Criminal Appeals erroneously ruled that his appeal was filed out of time (Proposition II of Reply to Response).

2) He was denied due process when the trial court erroneously instructed that marijuana was a narcotic drug (Proposition III of Reply to Response); and

3) He has been denied bail by the Oklahoma Court of Criminal Appeals under its Court Rules in violation of Article II, Sections 8 and 9 of the Oklahoma Constitution and Amendment Eight of the United States Constitution. (See Page 4 of Petition).

In a pro se pleading the Petitioner has added the claim that he has been denied the effective assistance of counsel because his Court-appointed attorney did not timely file the Petitioner's direct appeal in the Court of Criminal Appeals and did not appeal to the Court of Criminal Appeals from the denial of post conviction relief in the sentencing court.

The threshold inquiry in this Court as to each issue must be whether the Petitioner has exhausted his State remedies and secondarily, does the issue involve a Federal Constitutional question. None of the claims pass both of these tests.

The essential facts concerning exhaustion are not really in dispute. On January 2, 1971, six months and two days after the date of sentencing, Petitioner's trial attorney delivered to the Clerk of the Court of Criminal Appeals of the

State of Oklahoma the necessary documents to perfect an appeal in· that Court. The case was not in fact filed by the Clerk until January 4, 1971. On October 20, 1972 the Appeals Court found: " . . . the judgment and sentence was imposed on July 2, 1970; and that the original record and transcript should have been filed in this Court on or before Monday, January 4, 1971 (allowing for holidays), for this Court to have jurisdiction to consider said appeal; the Court further finds that such was not done. [22 O.S.Supp.1963 § 1054, and Rule 29, § 4 (in force at said time)] . . . " and therefore dismissed the appeal; and directed the Clerk of the Court to immediately issue the Mandate. On October 26, 1972, the Petitioner through his trial attorney filed an Application asking the District Court of Pittsburg County "to allow a post conviction appeal". The Petitioner did not urge as a ground for relief the error in instructions but in support of his claim that he was entitled to an appeal cited recent decisions on this point to illustrate that he had a valid point for appeal and the appeal therefore would not be fruitless. The matter came on for hearing on November 17, 1972 and the only issue presented to the Court was whether or not the appeal had been timely filed. The Court in its Memorandum Decision dated November 20, 1972 made specific findings of fact and concluded that the appeal had not been filed within the time required by Oklahoma law. No appeal was taken from this Order.

 Based upon these facts we conclude that the Petitioner has exhausted his State remedies on the issue of whether the direct appeal had been perfected in accordance with Oklahoma law. Although the Petitioner did not appeal from the Order denying him post conviction relief, the Court of Criminal Appeals had already determined adversely to him the same issue presented therein, when it dismissed his appeal. (See Court of Criminal Appeals Order dated October 20, 1972). It is not necessary to appeal the denial of post conviction relief when the same issue has already been decided by the appellate court. Cochran v. Rodriguez, 438 F.2d 926 (10th Cir. 1971). However, this question is not of Federal Constitutional dimensions. Petitioner argues that under Oklahoma law the appeal was perfected when it was lodged in the hands of the Clerk of the Court on January 4, 1971. The Oklahoma Courts have ruled that it ·was not filed on that date. This determination by the Oklahoma Courts is binding on this Court. A state is not required by the Federal Constitution to provide an appellate review of a criminal trial. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). If it provides for an appeal it may do so in the manner and on the terms which it deems proper. McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). The question presented is a matter of interpretation of State law and· the rules of the Court and properly for the determination of the State Court. A Federal Court must accept the interpretation of the State law unless it is inconsistent with the fundamental principles of liberty and justice. See Francia v. Rodriguez, 371 F.2d 827 (10th Cir. 1967); Ratley v. Crouse, 365 F.2d 320 (10th Cir. 1966); Mesmer v. Raines, 298 F.2d 718 (10th Cir. 1961). A similar situation was considered by the Supreme Court in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). There a statement of the case on appeal which was required to be filed within sixty (60) days in accordance with State law was filed one day late and the appeal was stricken by the State Court as out of time. In denying relief the Supreme Court said: "North Carolina has applied its law in refusing this out-of-time review. This Court applies its jurisdictional statute in the same manner. Preston v. Texas, 343 U.S. 917, 933, [72 S.Ct. 649, 96 L.Ed. 1331] cf. Paonessa v. New York, 344 U.S. 860 [73 · S.Ct. 99, 97 L.Ed. 667] because 'application therefor was not made within the time provided by law.' We cannot say

that North Carolina's action in refusing review after failure to perfect the case on appeal violates the Federal Constitution. A period of limitation accords with our conception of proper procedure." 344 U.S. at 486, 73 S.Ct. at 422. See also Oyler v. Taylor, 338 F.2d 260 (10th Circuit 1964).

The second claim of the Petitioner concerning the instructions of the trial court has never been fairly presented to the Oklahoma Courts. Although referred to in the post conviction proceeding, it was neither asserted, nor considered by the Court, as a Federal claim rendering his conviction constitutionally void. The exhaustion doctrine requires that a State prisoner afford State Courts the opportunity to consider and resolve claims of Constitutional infirmity before raising these claims in Federal Court. Watson v. Patterson, 358 F.2d 297 (10th Cir. 1966), cert. den., 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 108. It is not sufficient that the Federal habeas applicant has been through the State Courts but the "federal claim must be fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The matter of erroneous instructions by the trial court, moreover, is ordinarily only a trial error and of no Constitutional significance so as to entitle a Petitioner to habeas corpus relief. Ortiz v. Baker, 411 F.2d 263 (10th Cir. 1969); Maxwell v. Hudspeth, 175 F.2d 318 (10th Cir. 1949), cert. den., 338 U.S. 834, 70 S.Ct. 39, 94 L.Ed. 509; Lewis v. State of Oklahoma, 304 F.Supp. 116 (W.D.Okl.1969). Habeas corpus is not a substitute for appeal and matters involving trial errors may not be reviewed collaterally. Chavez v. Baker, 399 F.2d 943 (10th Cir. 1968); Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir. 1968), cert. den., 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470; Martinez v. Patterson, 371 F.2d 815 (10th Cir. 1966); Alexander v. Daugherty, 286 F.2d 645 (10th Cir. 1961). Collateral relief is available only when the error in the instructions has such an effect on the trial as to render it so fundamentally unfair that it constitutes a denial of a fair trial in a Constitutional sense. Lorraine v. United States, 444 F.2d 1 (10th Cir. 1971). This question must in the first instance be considered by the Oklahoma Courts.

The claim concerning denial of bond admittedly has not been presented to the Oklahoma Courts. Therefore there has been no exhaustion on this issue. It may be noted however that a State prisoner has no absolute Federal Constitutional right to bail pending appeal and generally denial of bail is not an available ground for seeking Federal habeas corpus relief. Hamilton v. State of New Mexico, 479 F.2d 343 (10th Cir. 1973)

The most critical question raised in this proceeding is the Petitioner's pro se allegation that he has been denied an appeal because of the ineffective assistance of his Court-appointed counsel on his appeal. This does present a Federal Constitutional question. See Jackson v. Turner, 442 F.2d 1303 (10th Cir. 1971). The indigent defendant is entitled to the assistance of appellate counsel. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). Such counsel must meet Constitutional standards of advocacy. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It is his duty to perfect an appeal, if that is his client's wish, even if he believes the appeal to be frivolous. Jackson v. Turner, supra, and see Scobie v. State of Oklahoma, 239 F.Supp. 646 (E.D.Okla.1965); Scobie v. State of Oklahoma, 356 F.2d 511 (10th Cir. 1966); Grubbs v. State of Oklahoma, 239 F.2d 1014 (E.D.Okla.1965) aff'd, Tenth Circuit, not published, cert. den. 385 U.S. 873, 87 S.Ct. 146, 17 L.Ed.2d 100 (1966). Cf. Plaskett v. Page, 439 F.2d 770 (10th Cir. 1971). Although counsel for Petitioner did present to the Oklahoma Courts the claim that Petitioner had been wrongfully denied an

appeal because under the proper interpretation of Oklahoma law the appeal was timely filed, the denial of an appeal in the Federal Constitutional context framed by Petitioner himself in this proceeding has never been presented to the Oklahoma Courts. The State Courts have not been provided an opportunity to apply controlling legal principles to the facts bearing upon Petitioner's Federal Constitutional claim. The difference in legal theory precludes exhaustion. Picard v. Connor, *supra*. See also Gurule v. Turner, 461 F.2d 1083 (10th Cir. 1972).

Accordingly, for the reasons stated above, the Petition must be dismissed.