**Glenn Earl WOOD—#79536,**
**Petitioner,**

v.

**Harold WILSON, Warden, and/or**
**the State of Oklahoma, et al.,**
**Respondents.**

**Civ. No. 74–687–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 14, 1974.

Glenn Earl Wood, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the petition for writ of habeas corpus together with the motion for leave to proceed in forma pauperis and court appointed attorney and the required affidavit presented to the clerk of this court. It appears therefrom that this is a proceeding for writ of habeas corpus by a prisoner who is confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, by virtue of the judgment and sentence of the District Court of Oklahoma County, Oklahoma, case No. CRF–69–1470. Therein, after a trial by jury the petitioner was convicted of the offense of Murder and sentenced to life imprisonment. The petitioner perfected a direct appeal in the Oklahoma Court of Crimi-

nal Appeals. The appellate court on May 26, 1971, modified the judgment and sentence from a life sentence for Murder to a term of 40 years for First Degree Manslaughter. Wood v. State, 486 P.2d 750 (Okl.Cr.). On June 17, 1974, the petitioner filed an application for post conviction relief with the sentencing court, which denied him such relief on June 20, 1974, without an evidentiary hearing. This Order was appealed to the Oklahoma Court of Criminal Appeals, Case No. PC–74–427. On July 25, 1974, that court affirmed the ruling of the trial court.

The petitioner contends that he is unlawfully detained in the custody of the respondents because the Oklahoma Court of Criminal Appeals was without authority to modify his judgment of conviction to Manslaughter and their action in doing so deprived him of his federal constitutional right to a trial by jury for the offense of First Degree Manslaughter. He has exhausted his state remedies.

■ The petitioner's argument that he has been denied a jury trial on a charge of Manslaughter, First Degree is fallacious. He was tried by a jury. That jury found him guilty of every element of the offense of Manslaughter. In addition, the jury found present the additional element of premeditated design to effect death necessary to constitute the crime of Murder. The Court of Criminal Appeals ruled, however, there was no evidence to support the finding of this element of the offense of Murder. It left undisturbed the jury's finding of the essential elements of the offense of First Degree Manslaughter. When the jury found the petitioner guilty of Murder they necessarily adjudged him guilty also of the lesser included offense of First Degree Manslaughter.

■ The suggestion of the petitioner that the Court of Criminal Appeals had no authority to modify the judgment from Murder to Manslaughter, First Degree does not raise a federal constitutional question. It is a matter of interpretation of state law and properly for the determination of the state courts. A federal court must accept the interpretation of state law unless it is inconsistent with the fundamental principles of liberty and justice. See Francia v. Rodriguez, 371 F.2d 827 (CA10 1967). Ratley v. Crouse, 365 F.2d 320 (CA10 1966); Mesmer v. Raines, 298 F.2d 718 (CA10 1961).

■■ It is provided by statute that an appellate court in Oklahoma may reverse, affirm, or modify the judgment appealed from. 22 O.S.A. § 1066. Manslaughter is a lesser included offense of Murder, and under the statute, the Court of Criminal Appeals has the power to reduce a judgment of conviction of a particular offense to an included offense and fix appropriate punishment. Kilpatrick v. State, 75 Okl.Cr. 28, 128 P.2d 246 (1942). This does not offend the Federal Constitution. Similar authority has been exercised in the federal courts. See Austin v. United States, 127 U.S.App.D.C. 180, 382 F.2d 129, 140 (1967), wherein the court commented:

> "The state courts, including courts governed by statutes virtually the same as Section 2106, have both long ago and recently held that although appellate courts have no power to alter a lawful sentence in the absence of expressed statutory authority, their general power to modify erroneous judgments authorizes reduction to a lesser included offense where the evidence is insufficient to support an element of the offense stated in the verdict."

In Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250 (1953), the Supreme Court was confronted with a defendant convicted of feloniously pilfering mail from letter boxes and sentenced to a three-year term. The court held a conviction for a felony unwarranted because the thefts involved property not alleged or shown to exceed $100.00 in value. The court did not remand for a new trial, but instead it ruled that the

interests of justice required merely that the cause be remanded for correction of the sentence. This is precisely what the Oklahoma Court of Criminal Appeals did in petitioner's case.

■ There are no disputed factual issues presented and the application on its face affirmatively shows that the petitioner is not entitled to federal habeas corpus relief. Therefore, no evidentiary hearing is required. Boyd v. State of Oklahoma, 375 F.2d 481 (CA10 1967).

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S. C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case and the motion for the appointment of counsel will be denied by the court in its discretion. The action will then be dismissed.

It is so ordered.