960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis G. DOSS, Petitioner-Appellant,
v.
Phil PARKER, Respondent-Appellee.
 No. 91-4107.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1992.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se appellant, Louis Doss, appeals the district court's judgment dismissing his 28 U.S.C. § 2254 state petition for a writ of habeas corpus. Following a bench trial, Doss was convicted of felonious assault and was sentenced to 12 to 15 years imprisonment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The respondent has notified the court that it will not be filing a brief.
 
 
 2
 Doss claimed that his due process rights were violated when: (1) he was found not guilty of murder, but was instead convicted of felonious assault, and (2) the prosecutor asked to add a felony to the indictment during the trial. Upon review of the magistrate judge's report and recommended decision, the district court dismissed the petition as meritless. See Wood v. Wilson, 385 F.Supp. 1055 (W.D.Okla.1974).
 
 
 3
 Basically, Doss raises the same argument on appeal.
 
 
 4
 The district court correctly decided that Doss' claim was exhausted and then reviewed the petition on the merits. See generally Manning v. Alexander, 912 F.2d 878, 881 (6th Cir.1990).
 
 
 5
 The district court's judgment is hereby affirmed, but for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). The district court's analysis of the applicable state law by-passed the initial issue which is whether the claims presented are cognizable in a habeas action. In this case, whether an offense is a lesser included offense charged involves an interpretation of state law for which habeas relief is not available. See Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 951 and 464 U.S. 962 (1983). Thus, this allegation fails to state a claim for which a federal court can give relief pursuant to 28 U.S.C. § 2254.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.