**AMERICAN SAMOA GOVERNMENT, Plaintiff**

v.

**NUUSILA SUANI, Defendant**

High Court of American Samoa
Trial Division

CR No. 21-95

April 29, 1996

---

Before RICHMOND, Associate Justice, TAUAUNU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel:         For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
                 For Defendant, Reginald E. Gates

Order Denying Counsel's Motion To Withdraw:

On November 27, 1995, this court convicted defendant Nuusila Suani of one count of possession of a controlled substance, a class C felony for second offenders under A.S.C.A. § 13.1022. A motion for reconsideration or new trial was denied, except with respect to the sentence, on March 4, 1996. On March 28, 1996, Public Defender Reginald E. Gates filed the present motion for permission to withdraw as counsel, giving his opinion that there is no non-frivolous issue for appeal.

## DISCUSSION

The public defender's motion relies on this court's decision in *American Samoa Government v. Agasiva*, 6 A.S.R. 2d 32, 34 (Trial Div. 1987), and on the good faith requirement of the *in forma pauperis* procedures of A.C.R. 24.

1. *Agasiva*

The *Agasiva* Court, in dicta, reviewed the constitutionally required procedure for an attorney to withdraw from the pursuit of an appeal that he considers to be frivolous. This procedure includes: (1) advising the court that the attorney believes the appeal to be frivolous; (2) requesting permission to withdraw; and (3) filing a brief pointing out any contents of the record which might arguably support an appeal. *Agasiva*, 6 A.S.R.2d at

28

34.

■ This procedure arises from the line of cases beginning with the U.S. Supreme Court decision in *California v. Anders*, 386 U.S. 731 (1967). The purpose of the foregoing requirements is to strike a balance between the constitutional obligation to provide indigent defendants with equal access to judicial relief and effective assistance of counsel, and the attorney's ethical obligation to refuse to prosecute frivolous appeals. *Id.* at 744; *McCoy v. Court of Appeals*, 486 U.S. 429, 435-39 (1988); *Polk County v. Dodson*, 454 U.S. 312, 322-24, 326-27 (1981); *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993).[2]

■ If the motion to withdraw is successful, the appeal is found by the appellate court to be frivolous and simultaneously dismissed. *Anders*, 386 U.S. at 740 n.2, 742, 744; *United States v. Patterson*, 11 F.3d 824, 826 (8th Cir. 1993); *Humphrey*, 7 F.2d at 1191-1193. The appellate division, not this court, is therefore the proper forum for the motion to withdraw under the *Anders* doctrine. *See Anders* at 740 n.2; *Patterson* at 826; *United States v. Griffy*, 895 F.2d 561, 563 (9th Cir. 1990); *Grimes v. United States*, 444 F. Supp. 78 (S.D.N.Y. 1977); *Young v. Oklahoma*, 428 F. Supp. 288, 295 (W.D. Okla. 1976); *Broadnax v. Rundle*, 329 F. Supp. 785, 786-87 (E.D. Penn. 1971).[3] Although the trial court has broad latitude to substitute one

---

[2] The public defender argues that the newly adopted T.C.R.C.P. 11 is in tension with the right of the criminal defendant to counsel on appeal, since the defendant's appeal may be frivolous, and Rule 11 requires that attorneys present only supportable legal and factual conclusions. The cited rule is a civil procedure rule, and T.C.R.C.P. 1 clearly specifies that the civil procedure rules apply only to civil proceedings. The confusion is perhaps understandable since the amended rule was mistakenly issued as "High Court Rule 11." This mistake was corrected by Judicial Memorandum on April 15, 1996. In any event, the public defender's basic instinct is correct, since the canons of professional ethics prevent an attorney from prosecuting frivolous appeals, regardless of Rule 11. *Dodson*, 454 U.S. at 322-24, 326-27.

Notwithstanding the foregoing principles, an attorney must file a timely notice of appeal if his client so requests, even if he thinks the appeal frivolous, in order to avoid prejudicing his client's cause before the court decides whether the appeal is actually frivolous. *Cannon v. Berry*, 727 F.2d 1020, 1022-23 (11th Cir. 1984); *McInnes v. Anderson*, 366 F. Supp. 983, 987 (E.D. Okla. 1973).

[3] In the interest of judicial economy, we point out that we would probably find the *Anders* brief filed by the public defender to be inadequate, even if it

29

appointed counsel for another as justice requires, *United States v. Dangdee*, 608 F.2d 807, 809 (9th Cir 1979), a properly filed notice of appeal shifts jurisdiction to the Appellate Division. *See United States v. Katz*, 206 F. Supp. 1404, 1406 (S.D.N.Y. 1969).

## 2.     The *In Forma Pauperis* Rule

■ The public defender declares that the present appeal is frivolous, and therefore does not satisfy the good faith test of A.C.R. Rule 24, which prevents appeals "not taken in good faith"[4] from proceeding *in forma pauperis*. A.C.R. Rule 24 provides that a criminal appellant who has

---

were properly before us, since it merely makes a cursory listing of potential issues for appeal.

> The Anders brief is not a substitute for an advocate's brief. As explained above, it is a device for assuring that the constitutional rights of indigent defendants are scrupulously honored. . . .

> The attorney must still provide his or her client precisely the services that an affluent defendant could obtain from paid counsel--a thorough review of the record and a discussion of the strongest arguments revealed by that review.    In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client.

*McCoy*, 486 U.S. at 444.   The aforementioned discussion of arguments requires analysis, the citation of applicable case authority and specific references within the record. *Anders*, 386 U.S. at 345; *Griffy*, 895 F.2d at 562-63; *Broadnax*, 329 F. Supp. at 786. These requirements exist, in part, "to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their client's appeals to the best of their ability." *McCoy* at 439.

[4]   A "good faith" appeal is one that is not frivolous, as judged by the standard for an *Anders* motion. *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).   In the criminal context, good faith is judged by an "objective" standard, meaning that an appeal is taken in good faith if it raises a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The "good faith" of an appeal is, therefore, not judged by the "subjective" sincerity of the defendant seeking appellate review of a conviction. *Id.*

proceeded "as one who is financially unable to obtain adequate defense" at the trial level, as in this case, may proceed on appeal *in forma pauperis* "without further authorization" unless the trial court affirmatively certifies in writing that the appeal is "not taken in good faith," or that the appellant is otherwise not entitled to proceed *in forma pauperis*.

■ The burden to prove that a criminal appeal is frivolous rests with the government. *Coppedge*, 369 U.S. at 447-48. Accordingly, we find that it was inappropriate for the public defender to unilaterally move this court to certify that his client's appeal was "not taken in good faith" and we will therefore not consider this motion.[5] We know of no precedent for a public defender using Rule 24 as authority for withdrawing from an appeal. The public defender's proper approach is to file an *Anders* motion with the Appellate Division.

For the foregoing reasons, we do not grant the public defender's motion to withdraw.

---

[5] There is a split of authority in the federal system as to whether the trial court may deny a defendant leave to appeal in forma pauperis on grounds of frivolity, when the defendant proceeded at trial "as one who is financially unable to obtain adequate defense" and therefore has no obligation to seek the trial court's authorization to proceed *in forma pauperis* on appeal. A.C.R. Rule 24. The Fifth Circuit holds (and the text of the rule seems to agree) that the trial court may unilaterally do so, *United States v. Boutwell*, 896 F.2d 884, 887-89 (5th Cir. 1990); while the Ninth Circuit reasons that an indigent defendant who qualifies as a pauper at trial is entitled to appointed representation during his appeal regardless of frivolity. *United States v. Dangdee*, 608 F.2d 807, 810 n.3 (9th Cir. 1979). Regardless of which approach is correct, our decision in this case is based on our judgment that a public defender may not seek a declaration that his client's appeal is frivolous at the trial level in order to be relieved of the case, but must follow the Supreme Court's precedents in the *Anders* line of cases.