FILED
United States Court of Appeals
Tenth Circuit

October 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH TORRES,

      Petitioner-Appellant,

v.

GEORGE TAPIA; GARY K. KING,
Attorney General of the State of New
Mexico,

      Respondents-Appellees.

No. 09-2294
(D.C. No. 1:08-CV-01202-WJ-LAM)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, and **KELLY** and **HOLMES**, Circuit Judges.

Joseph Torres, a New Mexico state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  We

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

    After examining the briefs and the appellate record, this three-judge panel
determined unanimously that oral argument would not be of material assistance in
the determination of this matter.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]     Mr. Torres has filed a pro se application for a COA and an opening
(continued...)

exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and conclude that Mr.

Torres fails to make a substantial showing of the denial of a constitutional right.

Thus, we deny the application for a COA and dismiss the appeal.

## BACKGROUND

On December 27, 2004, Mr. Torres was convicted of possession of a

controlled substance, aggravated driving while under the influence of an

intoxicating liquor or any drug, driving with a suspended or revoked license, and

driving without proof of insurance. He was sentenced to three-and-a-half years in

prison, one year of parole, and approximately one year of supervised probation.[2]

He was released from prison in September 2006.

On March 15, 2007, while on probation, Mr. Torres was charged with

aggravated battery for behavior allegedly involving a beer bottle and the repeated

kicking of someone on the ground. The state subsequently filed a motion to

revoke his probation, as well as a supplemental criminal information seeking to

enhance the applicable sentence based on his prior felony convictions. Mr. Torres

was represented by both Albert Granger and Gerald Montrose in these actions.

On August 17, 2007, Mr. Torres entered into a plea agreement. Within a

---

[1](...continued)
brief. We construe these pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2]     The state district court suspended approximately one year of Mr. Torres's sentence.

few days, however, Mr. Torres filed a pro se motion to withdraw this plea agreement. In the motion, Mr. Torres claimed that he was pressured into signing the plea agreement because Mr. Granger was not prepared for trial, did not contact a key witness, and did not ask for a continuance. Mr. Torres eventually decided not to prosecute this motion and was sentenced to seven years in prison,[3] two years of parole, and three years of supervised probation.[4] Although Mr. Torres filed a state petition for a writ of habeas corpus, the state district court summarily dismissed the petition on the merits. The New Mexico Supreme Court denied his petition for certiorari.

On December 29, 2008, Mr. Torres filed an application for a writ of habeas corpus with the federal district court. In general, Mr. Torres argued that (1) he was deprived of effective assistance of counsel because Mr. Granger "failed to investigate, interview or subpoena witnesses who would have shown that [he] acted in self-defense," "pressured [him] into signing the plea agreement," and "failed to file pretrial motions or to prepare for trial," R. at 293 (Magistrate Judge's Proposed Findings and Recommended Disposition, filed Sept. 15, 2009 (citing R. at 10 (Appl. for Writ of Habeas Corpus, filed Dec. 29, 2008)); (2) he was deprived of the effective assistance of counsel because Mr. Montrose, *inter*

_____

[3] The state district court suspended three years of Mr. Torres's sentence.

[4] In the related action, the state district court dismissed the supplemental criminal information and discharged Mr. Torres from probation.

-3-

*alia*, "refused to represent [him] in his motion to withdraw the plea agreement" and "misrepresented to [him] that if [he] dropped his motion to withdraw his plea agreement, he would only have to serve 50% of a four-year sentence . . . instead [of] . . . serving 85% of a four-year sentence," *id.* at 294 (citing R. at 14–15); and (3) it was a conflict of interest to have Mr. Montrose reappointed as his counsel. The magistrate judge recommended that the district court deny the habeas application. After considering Mr. Torres's objections, the district court adopted the recommendation and denied the application. The district court also denied several motions, including a motion for an evidentiary hearing. Mr. Torres now appeals.

## DISCUSSION

"A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). A COA will issue only "if the applicant has made a substantial showing of the denial of a constitutional right." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). This standard requires an applicant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). In determining

whether to grant a COA, we need not engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* We instead undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Although an applicant is not required to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (internal quotation marks omitted).

If the state court addresses the merits of the applicant's claims, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant an application for a writ of habeas corpus on behalf of a person in state custody whose claims were adjudicated on the merits in state court only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

On appeal, Mr. Torres requests a COA on several issues related to his

allegations regarding ineffective assistance of counsel.[5]  He also claims that the

federal magistrate judge was biased and that the district court should have held an

evidentiary hearing.

## I.        Ineffective Assistance of Counsel

Mr. Torres claims that he was denied his Sixth and Fourteenth Amendment

right to the effective assistance of counsel.  As a threshold matter, we note that

Mr. Torres failed to preserve several issues for appeal.[6]  We focus our discussion

_____

[5]        Mr. Torres may not have exhausted his state-court remedies with respect to certain claims of ineffective assistance of counsel.  Although Mr. Torres raised most of his ineffective-assistance-of-counsel claims in his state habeas petition, he neglected to raise some of them in his state petition for certiorari and failed to raise one of his claims in either petition.  Nevertheless, the state expressly waived the exhaustion requirement through counsel.  R. at 86 (Answer, filed Mar. 13, 2009) ("Respondents submit that Petitioner exhausted the claims raised in the Petition.  The various claims were raised in the state habeas corpus proceedings and denied by the New Mexico Supreme Court."); *see* 28 U.S.C. § 2254(b)(3); *Gonzales v. McKune*, 279 F.3d 922, 926 & n.8 (10th Cir. 2002) (en banc) ("More significantly, the State 'expressly waived,' § 2254(b)(3), the exhaustion requirement as to all other issues addressed in the panel opinion. . . . The State, correctly addressing the exhaustion issue in its answer to the habeas petition, 'admitted that petitioner has properly exhausted the issues now presented to this Court.'").  The magistrate judge recommended that the district court exercise its discretion to deny the habeas application on the merits.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Williams v. Jones*, 571 F.3d 1086, 1089 (10th Cir. 2009) (per curiam) ("[A] habeas petition may be denied despite a failure to exhaust."), *cert. denied*, 130 S. Ct. 3385 (2010).  The district court, in effect, did so by adopting the recommended disposition.  We conclude that reasonable jurists could not debate the correctness of the district court's conclusion.

[6]        First, Mr. Torres waived his argument that Mr. Granger provided

(continued...)

only on the claims that are properly before us.

To prevail on a claim of ineffective assistance of counsel, a habeas

petitioner must demonstrate, by a preponderance of the evidence, that (1) his

⁶(...continued)
ineffective assistance of counsel by failing to investigate, interview, or subpoena a witness who would have shown that Mr. Torres acted in self-defense. The district court found that Mr. Torres did not satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984) because he "fail[ed] to allege that, if the witness had been interviewed, [he] would not have pled guilty." R. at 344 (Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed Oct. 30, 2009). Although Mr. Torres now alleges that he would have exercised his right to trial if Mr. Granger had investigated and subpoenaed the witness, he waived this argument because he did not assert prejudice before the district court. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (concluding that a habeas petitioner waived any claims that he did not raise before the district court).

Second, Mr. Torres waived his argument that Mr. Granger provided ineffective assistance of counsel by failing to file pretrial motions, failing to prepare for trial, and pressuring him into signing the plea agreement. Mr. Torres failed to preserve these arguments on appeal because he did not raise them as objections to the magistrate judge's recommendation. *See Port City Props. v. Union Pac. R.R.*, 518 F.3d 1186, 1190 n.1 (10th Cir. 2008) (holding that a party waived an issue he did not raise in his objection to the magistrate judge's recommendation). At most, Mr. Torres's objection raised a vague argument that Mr. Granger "[d]id nothing to [d]efend the [d]efendant." R. at 319 (Objection, filed Sept. 23, 2009); *accord* R. at 324 (Amended Objection, filed Oct. 5, 2009). But vague arguments are insufficient to preserve issues for appeal. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for . . . appellate review." (emphasis added)).

Finally, Mr. Torres alleges that Mr. Montrose refused to represent him in his motion to withdraw the plea agreement. Appl. for COA at 3, 4, 6, 7; Aplt. Br. at 3, 6, 9. Because Mr. Torres failed to raise this argument as an objection to the magistrate judge's recommendation, he did not preserve it on appeal. *See Port City Props.*, 518 F.3d at 1190 n.1.

attorney's performance fell below an objective standard of reasonableness, and (2) he was prejudiced by the attorney's deficient performance. *Strickland*, 466 U.S. at 692–93. A petitioner may satisfy the prejudice prong by demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. Torres contends that Mr. Montrose provided ineffective assistance of counsel. In particular, Mr. Torres claims that Mr. Montrose promised that if he dropped his motion to withdraw his plea agreement, he would only have to serve fifty percent of his sentence instead of eighty-five percent. The district court concluded that the state district court's rejection of this claim was neither contrary to nor an unreasonable application of "clearly established Federal law, as determined by the Supreme Court," nor was it based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). In reaching this determination, the district court adopted the thorough reasoning of the magistrate judge. The magistrate judge found that the record contained no evidence of an agreement to a certain sentence, the sentence was consistent with the state statute governing earned meritorious deductions, and the state court lacked the discretion to set the rate of good-time credits. Based on these conclusions, no reasonable jurist could debate whether the district court should have resolved this claim in a different manner.

-8-

## II. Conflict of Interest

Mr. Torres also claims that he was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel because the state court reappointed Mr. Montrose as his attorney. A conflict of interest "demonstrate[s] a denial of the right to have the effective assistance of counsel." *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980) (internal quotation marks omitted). If an applicant "shows that a conflict of interest actually affected the adequacy of his representation," he "need not demonstrate prejudice in order to obtain relief." *Id.* at 349–50. An applicant must show "that his counsel actively represented conflicting interests" and not merely "the possibility of conflict." *Id.* at 350.

Mr. Torres claims that Mr. Montrose was reappointed as his attorney, even though a state-court judge had ordered the public defender's office to provide a different attorney. Although the state district court rejected this claim without discussion, the federal district court properly concluded that the rejection of this claim was neither contrary to nor an unreasonable application of "clearly established Federal law, as determined by the Supreme Court," nor was it based on an "unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). In reaching this determination, the district court again adopted the reasoning of the magistrate judge. The magistrate judge rejected Mr. Torres's argument because the record contains no evidence that Mr. Montrose was ever "reappointed" or that any alleged conflict of interest affected

the adequacy of the representation. Based on these conclusions, no reasonable jurist could debate whether the district court should have resolved this claim in a different manner.

## III.   Bias

Mr. Torres claims that the federal magistrate judge exhibited bias against him with respect to the conflict-of-interest issue. "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)) (internal quotation marks omitted). "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nickl*, 427 F.3d at 1298) (internal quotation marks omitted); *cf.* 28 U.S.C. § 455(a) (requiring a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned"). "The standard is purely objective, and [t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Gambino-Zavala*, 539 F.3d 1221, 1228 (10th Cir. 2008) (alteration in original) (quoting *Nickl*, 427 F.3d at 1298) (internal quotation marks omitted).

In this action, Mr. Torres contends that he was denied his right to an impartial tribunal because the magistrate judge (1) ignored clear evidence in reviewing the state-court transcripts, and (2) resides in the state judicial district

where some of the underlying events took place.  These allegations are insufficient to show actual bias or an appearance of actual bias.  The magistrate judge's ruling on the transcripts is not enough because "[a]dverse rulings alone do not demonstrate judicial bias." *Bixler*, 596 F.3d at 762.  Mr. Torres also provides no evidence whatsoever to support his claim of bias resulting from the magistrate judge's residence.  Thus, we conclude that Mr. Torres has failed to show a deprivation of his due process rights.

## IV.  Evidentiary Hearing

Mr. Torres appeals the district court's denial of his request for an evidentiary hearing with respect to the conflict-of-interest issue.  We decline to reach this challenge because Mr. Torres waived his request for a hearing. Although Mr. Torres requested an evidentiary hearing before the state court, he neglected to renew this request in his federal habeas application or in a contemporaneous filing with the federal district court.  Mr. Torres instead filed motions for additional state-court records, recordings, and transcripts, which the magistrate judge properly denied because Mr. Torres failed to demonstrate a particularized need for them.  R. at 313–14 (citing *Jackson v. Turner*, 442 F.2d 1303, 1305 (10th Cir. 1971) and *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992)); *accord* R. at 346, 347 (adopting the magistrate judge's recommendation).

Because Mr. Torres requested an evidentiary hearing only after the magistrate judge had entered her proposed findings and recommended disposition,

-11-

he waived this request. *See Duncan v. Barreras*, No. 98-2289, 1999 U.S. App. LEXIS 31397, at *8 n.1 (10th Cir. Dec. 1, 1999) ("By waiting until after the magistrate judge had entered his proposed findings and recommended disposition, petitioner waived his right to an evidentiary hearing.").

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Torres's application for a COA and **DISMISS** his appeal.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge